UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                PLAINTIFF

v.                                    CRIMINAL ACTION NO. 3:18-CR-85-DJH

BING CROSBY                                                    DEFENDANT

BING CROSBY'S SENTENCING MEMORANDUM
*ELECTRONICALLY FILED*

Dr. Bing Crosby, by counsel, Brian Butler, hereby submits the following sentencing memorandum:

Dr. Bing Crosby entered a plea to the charges in the Indictment. The Presentence Report (PSI) calculates Mr. Crosby's guideline range at 18 to 24 months. Dr. Crosby respectfully requests the Court sentence him to one year of home detention followed by probation.

REQUEST FOR A DEPARTURE PURSUANT TO § 5H1.1 & § 5H1.6

Dr. Crosby will be 77 years old when he appears for his sentencing. He has no criminal history whatsoever. United States Sentencing Guideline (U.S.S.G.) § 5H1.1 states that if a defendant is elderly it may be a reason to depart "where a form of punishment such as home confinement might be equally efficient as and less costly than incarceration." Home detention is equally efficient punishment and certainly less costly to the taxpayers as evidenced by the recently enacted First Step Act. The First Step Act mandates the Bureau of Prisons place low-risk prisoners on home confinement for the maximum amount of time permitted. Simply put, Dr. Crosby is not a threat to

the community. Incarcerating him is unnecessary when he can be punished effectively through home incarceration.

Additionally, U.S.S.G. § 5H1.6 indicates that family ties and responsibilities are not normally relevant in determining whether a departure is warranted. However, family responsibilities may warrant a departure in circumstances beyond the ordinary. It is difficult to envision a more compelling circumstance than Dr. Crosby's. Dr. Crosby's wife of nearly 55 years was diagnosed "late onset Alzheimer Disease" on October 31, 2018. Dr. Robert Friedland describes her condition as a "progressive neurodegenerative disease of the brain that reduces an individual's cognitive (awareness, perception, reason, judgment, thinking, memory, speech, emotions) and physical abilities to safely and independently care for themselves." Tragically, Dr. Friedman states, "Mrs. Crosby is unable to make informed, sound decisions and requires 24-hour supervision." *Exhibit 1*.

The *Commentary* to § 5H1.6 delineates the criteria the Court should consider in determining whether to depart for family responsibilities. In general, the Court should consider: 1) the seriousness of the offense; 2) the involvement of the defendant's family in the offense; and 3) the danger, if any, to members of the defendant's family as a result of the offense. Applying the general criteria to Dr. Crosby's situation supports his request for a departure.

While any federal felony offense is serious, Dr. Crosby's offenses do not involve loss amounts as significant as those we typically see in United States District Court. Dr. Crosby paid Lacy Black $4800 in kickbacks to obtain Medicaid patients and he treated those Medicaid patients in a cookie cutter manner resulting in Dr. Crosby receiving $44,686.31 for which he owes restitution. Dr. Crosby did not abuse his patients. He practiced for decades without running afoul of the law or the chiropractic licensing board. On the scale of crimes being prosecuted in United States District

Court, Dr. Crosby's conduct is on the low end. Additionally, Mrs. Crosby was not in any way involved in the offenses before Court and Dr. Crosby's offenses were not directed at her nor did they in any way endanger Mrs. Crosby.

The *Commentary* to § 5H1.6 also suggests the Court consider the following non-exhaustive list including: 1) whether the defendant serving a guideline sentence will cause a loss of essential caretaking; 2) whether the loss of caretaking substantially exceeds the harm ordinarily incident to incarceration; 3) the defendant's caretaking role is irreplaceable and 4) whether the departure will effectively address the loss of caretaking support. These considerations strongly support Dr. Crosby's request for a departure.

If the Court were to sentence Dr. Crosby within the applicable guideline range, Dr. Crosby will be unable to care for Mrs. Crosby as her progressive Alzheimer Disease deteriorates her condition leading toward her eventual death. Additionally, loss of the care for an elderly Alzheimer patient substantially exceeds the typical harm a defendant's family may suffer from their incarceration. Moreover, loss of Dr. Crosby's caretaking role is irreplaceable. As stated in Dr. Friedman's letter, Dr. Crosby attends and participates in Mrs. Crosby's appointments. *Exhibit 1*. Dr. Crosby and Mrs. Crosby had two children. One of their children tragically died in a car accident. Their daughter Nicole is married and runs a business. He also has an 11 year old son. She is able to assist Dr. Crosby but she cannot replace his primary role in caring for Mrs. Crosby. Finally, a departure requiring Dr. Crosby to serve a year on home detention followed by probation would permit him to care for Mrs. Crosby while serving his punishment. For the foregoing reasons, it is the undersigned's belief that § 5H1.6 was designed to assist a defendant and his family under these types of circumstances.

## APPLICATION OF 18 U.S.C. § 3553(a)

### *Dr Crosby's Personal History*

Dr. Crosby earned his Doctor of Chiropractic in 1968. He started working as a chiropractor upon completion of school. Literally, he has spent his entire life assisting his patients. Unfortunately as he got older and the chiropractic business changed, his business began to suffer. He, like many of his competitors, chose to pay for patients which ultimately led to United States District Court. Nonetheless, he has been an excellent chiropractor for decades.

Dr. Crosby has a loving family. As previously stated, he and his wife Dorothy have been married since 1965. They raised two children and he has 1 grandson.

Dr. Crosby has touched many people's lives. The attached character letters are replete with stories of a caring provider, a family man, an active church member and just simply a good man. The following is just a flavor of the previously tendered letters:

> **Charlotte VanHimBergen**, who knows Dr. Crosby personally and professionally, writes, "He truly was an angel."
>
> **Joseph Kuzemchak**, the husband of Dr. Crosby's niece, writes, "He is a loving and compassionate husband, father, grandfather and uncle."
>
> **Dr. Dawn Wieteldt**, a colleague who has known Dr. Crosby for 15 years, writes, "He is always willing to help people, from giving them a ride home to helping with their electric bill in the winter when they couldn't pay their bills." She further states, "I have many patients that come to me and say that Dr. Crosby saved their life, as the patients couldn't hardly walk before coming to his office and getting treatment."
>
> **Dianna Dummitt**, a patient, writes that she did not have money to pay for much needed treatments and "to my extreme surprise this kind hearted man said he would treat me at NO cost out of my pocket."
>
> **Paulina Weinscott**, a patient, writes, "Dr. Crosby is by far the kindest doctor that I have ever had. He listens to me and takes the time to really help me. I would recommend him to anyone and believe he is a real asset to his profession."

>**James Horne**, a patient, writes, "I have multiple sclerosis. There have been many times I came to see Doc being wheeled in my chair and after his adjustment and treatment could walk out of the office on my own. There was times I wasn't able to pay and Doc would not charge me a dime."
>
>**Joe and Debbie Grecco**, long time friends of Dr. Crosby, write, "He is one of the kindest and compassionate people I know. He'd open up his home to people he had never seen before to give them chiropractic care."

Universal themes surface in the letters written about Dr. Crosby. He is a generous man. He is a man that is always willing to help a patient, a friend, a stranger or a family member even to his own detriment. His patients repeatedly reference is kindness. *Exhibit 2 (character letters).* Simply put, he is genuinely a good, decent man.

### *Dr. Crosby's Criminal History*

Dr. Crosby has no criminal history.

### *Dr. Crosby's Medical History*

Dr. Crosby will be 77 years old by his sentencing. According to the Centers for Disease Control and Prevention (CDC), the average United States life expectancy is 78.6 years. A guideline sentence statistically could effectively be a life sentence.

### *Need for the Sentence Imposed by the Court*

Dr. Crosby stands convicted of health care fraud. He has lost his ability to practice his profession. Unfortunately, his inability to practice his profession is disastrous for his family finances. He has over a $10,000 negative monthly cash flow. Dr. Crosby has lost his profession and lost his ability to effectively provide for his family. Simply put, a prison sentence is not needed to insure Dr. Crosby is adequately punished.

5

*Respect for the Law, Just Punishment and Deterrence*

One year of home detention followed by probation under these circumstances is sufficient but not greater than necessary to promote respect for the law, offer just punishment and deter others. Anyone familiar with the situation knows Dr. Crosby has suffered professionally, personally and financially and witnessed the destruction of his business. Dr. Crosby has been humiliated including becoming a convicted felon. He can never work as a chiropractor again. He is specifically deterred and anyone familiar with this situation should be deterred by a sentence of one year of home detention followed by probation particularly given these significant collateral consequences.

Given all of these other consequences and circumstances, specifically including Dr. Crosby's age and his wife's Alzheimer's Disease, a sentence of one year of home detention followed by probation will promote respect for the law. Equally as important, our recommended sentence is just. Dr. Crosby is a good man who has contributed a great deal to his patients, his church and his community. He has positively touched the lives of so many. He is in the deep twilight of his life. Dr. Crosby does not need to be incarcerated to keep the community safe nor is his incarceration beneficial to him, his wife, the community or the taxpayers.

WHEREFORE, Dr. Bing Crosby respectfully requests that the Court sentence him to one year of home detention followed by probation.

Respectfully submitted,

/S/ Brian Butler

Brian Butler
Dathorne & Butler, LLC
600 West Main Street, Suite 500
Louisville, Kentucky 40202
(502) 594-1802

## CERTIFICATE OF SERVICE

    It is hereby certified that a copy of the foregoing sentencing memorandum was filed on the 21st day of February, 2019, to the Honorable Joe Ansari, Assistant United States Attorney, 717 West Broadway, Louisville, Kentucky 40202.

                                                 /S/ Brian Butler

                                                 Brian Butler
                                                 Attorney at Law