PS 40 (Rev. 09/10) Notice Regarding United States Passport for Criminal Defendant

# UNITED STATES DISTRICT COURT
for the
Western District of Kentucky

## NOTICE REGARDING UNITED STATES PASSPORT FOR CRIMINAL DEFENDANT

| | | | |
|---|---|---|---|
| **TO:** | United States Department of State<br>CA/PPT/L/LA<br>4$^{4132}$ Mercure Circle<br>PO Box 1227<br>Sterling, VA 20166-1227<br>CA-PPT-CourtOrders@state.gov | **FROM:** | US Probation Office<br>400 US Courthouse<br>601 W. Broadway<br>Louisville, KY 40202 |

☒ **Original Notice**
Date: July 13, 2018
By: US Probation Officer Rachel Waddle

☒ **Notice of Disposition**
Date: April 29, 2019
By: Honorable Judge David Hale

Defendant: Bingston Crosby
Date of Birth: XX/XX/1942
SSN: XXX-XX-9369
Case Number: 3:18-CR-85-DJH
Place of Birth: United States

**Notice of Court Order** (Order Date: July 11, 2018 )

☒ The above-named defendant is not permitted to apply for the issuance of a passport and/or passport card during the pendency of this action.

☒ The above-named defendant surrendered passport number 549606366 and/or passport card number to the custody of the U.S. District Court on July 11, 2018.

## NOTICE OF DISPOSITION

The above case has been disposed of.

☐ The above order of the court is no longer in effect.

☐ Defendant not convicted – Document returned to defendant.

☐ Defendant not convicted – Document enclosed for further investigation due to evidence that the document may have been issued in a false name.

☒ Defendant convicted – Document and copy of judgment enclosed.

**Distribution:**
Original to case file
Department of State
Defendant (or representative)
Clerk of Court

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 1

# United States District Court
## Western District of Kentucky
LOUISVILLE DIVISION

UNITED STATES OF AMERICA
V.
Bingston Crosby

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number: 3:18-CR-85-1-DJH
US Marshal No:
Counsel for Defendant: Brian Butler, Retained
Counsel for the United States: Lettricea Jefferson-Webb, Asst. U.S. Atty.
Court Reporter: April Dowell

## THE DEFENDANT:

☒ Pursuant to a Rule 11(c)(1)(B) plea agreement.

☒ Pleaded guilty to counts 1-24 of the Indictment, knowingly, willingly and voluntarily on November 20, 2018.

☐ Pleaded nolo contendere to count(s) which was accepted by the court.

☐ Was found guilty on count(s) after a plea of not guilty

ACCORDINGLY, the Court has adjudicated that the defendant is guilty of the following offense(s):

| Title / Section and Nature of Offense | Date Offense Concluded | Count |
|---|---|---|

FOR CONVICTION OFFENSE(S) DETAIL - SEE COUNTS OF CONVICTION ON PAGE 2

The defendant is sentenced as provided in pages _2_ through _8_ of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ (is) (are) dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and the United States Attorney of any material change in the defendant's economic circumstances.

4/29/2019
Date of Imposition of Judgment

David J. Hale, Judge
United States District Court

April 30, 2019

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 1A

Judgment-Page 2 of 8

DEFENDANT: Crosby, Bingston
CASE NUMBER: 3:18-CR-85-1-DJH

## COUNTS OF CONVICTION

| Title / Section and Nature of Offense | Date Offense Concluded | Count |
|---|---|---|
| 18:1347 and 1349 – CONSPIRACY TO COMMIT HEALTH CARE FRAUD | 11/1/2017 | 1 |
| 18:1347 and 2 - HEALTH CARE FRAUD, AIDING AND ABETTING | 5/6/2015 | 2 |
| 18:1347 and 2 - HEALTH CARE FRAUD, AIDING AND ABETTING | 4/30/2015 | 3 |
| 18:1347 and 2 - HEALTH CARE FRAUD, AIDING AND ABETTING | 4/20/2016 | 4 |
| 18:1347 and 2 - HEALTH CARE FRAUD, AIDING AND ABETTING | 6/1/2015 | 5 |
| 18:1347 and 2 - HEALTH CARE FRAUD, AIDING AND ABETTING | 4/23/2015 | 6 |
| 18:1347 and 2 - HEALTH CARE FRAUD, AIDING AND ABETTING | 8/18/2015 | 7 |
| 18:1347 and 2 - HEALTH CARE FRAUD, AIDING AND ABETTING | 7/20/2015 | 8 |
| 18:1347 and 2 - HEALTH CARE FRAUD, AIDING AND ABETTING | 9/1/2016 | 9 |
| 18:1956(a)(1)(B)(I) and 2 - MONEY LAUNDERING, AIDING AND ABETTING | 4/6/2015 | 10 |
| 18:1956(a)(1)(B)(I) and 2 - MONEY LAUNDERING, AIDING AND ABETTING | 5/6/2015 | 11 |
| 18:1956(a)(1)(B)(I) and 2 - MONEY LAUNDERING, AIDING AND ABETTING | 6/8/2015 | 12 |
| 18:1956(a)(1)(B)(I) and 2 - MONEY LAUNDERING, AIDING AND ABETTING | 7/29/2015 | 13 |
| 18:1956(a)(1)(B)(I) and 2 - MONEY LAUNDERING, AIDING AND ABETTING | 8/5/2015 | 14 |
| 18:1956(a)(1)(B)(I) and 2 - MONEY LAUNDERING, AIDING AND ABETTING | 5/9/2016 | 15 |
| 18:1956(a)(1)(B)(I) and 2 - MONEY LAUNDERING, AIDING AND ABETTING | 8/22/2016 | 16 |
| 18:1341 and 2 - MAIL FRAUD, AIDING AND ABETTING | 4/6/2015 | 17 |
| 18:1341 and 2 - MAIL FRAUD, AIDING AND ABETTING | 5/6/2015 | 18 |
| 18:1341 and 2 - MAIL FRAUD, AIDING AND ABETTING | 6/8/2015 | 19 |
| 18:1341 and 2 - MAIL FRAUD, AIDING AND ABETTING | 7/29/2015 | 20 |
| 18:1341 and 2 - MAIL FRAUD, AIDING AND ABETTING | 8/5/2015 | 21 |
| 18:1341 and 2 - MAIL FRAUD, AIDING AND ABETTING | 5/9/2016 | 22 |
| 18:1341 and 2 - MAIL FRAUD, AIDING AND ABETTING | 8/22/2016 | 23 |
| 42:1320a-7b(b)(2)(A) - OFFERING OR PAYING HEALTH CARE FRAUD | 11/1/2017 | 24 |

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 2 - Imprisonment

Judgment-Page __3__ of __8__

DEFENDANT: Crosby, Bingston
CASE NUMBER: 3:18-CR-85-1-DJH

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of 1 month as to Counts 1-24 of the Indictment which shall run concurrent for a total of 1 month imprisonment.

☒ The Court recommends to the Bureau of Prisons that the Defendant be housed in a facility as close as possible to his family in Louisville, Kentucky.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at        A.M. / P.M. on

    ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ Before 2:00 p.m. on

    ☒ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

☒ The defendant shall continue under the terms and conditions of his/her present bond pending surrender to the institution.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ To _____

at _____, with a certified copy of this judgment.

                                                            UNITED STATES MARSHAL

                                                           By _____
                                                                         Deputy U.S. Marshal

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 3 - Supervised Release

Judgment-Page __4__ of __8__

DEFENDANT: Crosby, Bingston
CASE NUMBER: 3:18-CR-85-1-DJH

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 1 year as to each of Counts 1-24 of the Indictment which shall run concurrently for a total of 1 year.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☒ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☒ **You must cooperate in the collection of DNA as directed by the probation officer.**
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense.
7. ☐ You must participate in an approved program for domestic violence.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 3A - Supervised Release

DEFENDANT: Crosby, Bingston
CASE NUMBER: 3:18-CR-85-1-DJH

Judgment-Page 5 of 8

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 3B - Supervised Release

Judgment-Page 6 of 8

DEFENDANT: Crosby, Bingston
CASE NUMBER: 3:18-CR-85-1-DJH

## SPECIAL CONDITIONS OF SUPERVISION

14. The defendant shall be placed in location monitoring, which shall include electronic monitoring, for a period of 7 months home detention, commencing upon the direction of the Probation Office. The defendant shall contribute to the Probation Office's cost of services rendered based upon his/her ability to pay as reflected in his/her monthly cash flow as it relates to the court-approved sliding fee scale.
15. The defendant shall pay restitution according to the payment schedule approved by the Court.
16. The defendant shall provide the U.S. Probation Office with access to any requested financial information.
17. The defendant shall be prohibited from incurring any new credit chargers or opening any additional lines of credit without approval of the probation officer unless he is in compliance with the payment schedule.
18. Should the defendant hold a fiduciary position in his employment, he shall be required to inform his employer of the instant conviction.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____   7-18-19
Defendant                         Date

_____   07-18-2019
U.S. Probation Officer/Designated Witness   Date

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 5 - Criminal Monetary Penalties

Judgment-Page 7 of 8

DEFENDANT: Crosby, Bingston
CASE NUMBER: 3:18-CR-85-1-DJH

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 2,400.00 |  | $ 44,686.31 |

☒ The fine and the costs of incarceration and supervision are waived due to the defendant's inability to pay.

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

☐ Restitution is not an issue in this case.

☒ The defendant shall make restitution to the following payee in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order Or Percentage Of Payment |
|---|---|---|---|
| Passport Health | $44,686.31 | $44,686.31 |  |

☒ If applicable, restitution amount ordered pursuant to plea agreement in the amount of $44,686.31.

☐ The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. 3612(f). All of the payment options on Sheet 5, Part B may be Subject to penalties for default and delinquency pursuant to 18 U.S.C. 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ The interest requirement is waived for the   ☐ Fine and/or   ☒ Restitution

☐ The interest requirement for the   ☐ Fine and/or   ☐ Restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 6 - Schedule of Payments

Judgment-Page 8 of 8

DEFENDANT: Crosby, Bingston
CASE NUMBER: 3:18-CR-85-1-DJH

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐ Lump sum payment of $ _____ Due immediately, balance due
  ☐ not later than _____ , or
  ☐ in accordance with C, D, or E below); or

B ☒ Payment to begin immediately (may be combined with C, D, or E below); or

C ☐ Payment in _____ (E.g. equal, weekly, monthly, quarterly) installments of $ _____
  Over a period of _____ (E.g. months or years) year(s) to commence _____ (E.g., 30 or 60 days)
  after _____ The date of this judgment, or

D ☐ Payment in _____ (E.g. equal, weekly, monthly, quarterly) installments of $ _____
  Over a period of _____ (E.g. months or years) year(s) to commence _____ (E.g., 30 or 60 days)
  after _____ Release from imprisonment to a term of supervision; or

E ☒ Special instructions regarding the payment of criminal monetary penalties:

  Any balance of criminal monetary penalties owed upon incarceration shall be paid in quarterly installments of at least $25 based on earnings from an institution job and/or community resources (other than Federal Prison Industries), or quarterly installments of at least $60 based on earnings from a job in Federal Prison Industries and/or community resources, during the period of incarceration to commence upon arrival at the designated facility.

  Upon commencement of the term of supervised release, the probation officer shall review your financial circumstances and recommend a payment schedule on any outstanding balance for approval by the court. Within the first 60 days of release, the probation officer shall submit a recommendation to the court for a payment schedule, for which the court shall retain final approval.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons Inmate Financial Responsibility Program, are to be made to the United States District Court, Gene Snyder Courthouse, 601 West Broadway, Suite 106, Louisville, KY 40202, unless otherwise directed by the Court, the Probation Officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers *including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.